IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| KEITH CARLTON SAFEWRIGHT, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>ATSUMI CAR EQUIPMENT, INC., )<br>)<br>　Defendant. ) | Civil Action No.: 7:18-cv-605 |
| JEFFREY WAYNE JOHNSON, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>ATSUMI CAR EQUIPMENT, INC., )<br>)<br>　Defendant. ) | Civil Action No.: 7:18-cv-606 |

### JOINT RULE 26(f) PLAN

The parties to each of the above captioned cases (hereinafter, for ease of reference, "the parties"), come, pursuant to Fed. R. Civ. P. 26(f), having met and conferred, to respectfully submit the Joint Discovery Plan (the "Plan") as set forth below:

**I.   Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.**

The parties have discussed the general nature and basis of each other's claims and defenses. Plaintiff Keith Safewright and Plaintiff Jeffrey Johnson will provide a settlement demand to Defendant Atsumi Car Equipment, Inc. ("Atsumi") within two weeks. Should the parties be so inclined, they will contact the Magistrate Judge to schedule a mediation.

**II.     Rule 26(f) Discovery Plan.**

For all ESI discovery permitted under Rule 26, the parties agree to limit the relevant periods (the "Relevant Period") for discovery from the various parties from September 1, 2015 (the year Plaintiff Safewright was hired by Defendant Atsumi, and disclosed his need for leave pursuant to the Family and Medical Leave Act) through February 28, 2018 (approximately one month subsequent to Plaintiff Johnson's termination from employment).

The parties reserve the right to move for leave to modify the applicable Relevant Period should the need arise.

Pursuant to Rule 26(f) and the March 14, 2019 Scheduling Orders (*Safewright* – Dkt. No. 11; *Johnson* – Dkt. No. 12), the parties jointly propose the following agreed plan supplementing/amending the discovery provisions set forth in the Pretrial Order:

(A)     Rule 26(a) Initial Disclosures will be provided by Plaintiff Safewright and Plaintiff Johnson by April 15, 2019 and by Defendant Atsumi by April 30, 2019, as detailed in the Order.

(B)     Plaintiff Safewright and Plaintiff Johnson shall make Rule 26(a)(2) expert witness disclosures on or before September 15, 2018.  Defendant Atsumi shall make expert witness disclosures sixty (60) days thereafter.

(C)     Regarding electronic discovery issues, see Part III, below.

(D)     Regarding issues of assertion or privilege and protection of trial preparation materials, see Part III, below ("Privileged Produced Information").

(E)     The parties do not anticipate the need for limitations on discovery.

(F)     It appears necessary for a Protective Order to be entered and counsel for

Defendant Atsumi will submit a proposed Protective Order along with written discovery requests.

(G) The parties agree to transmit and/or serve discovery requests and responses by electronic means (e.g. electronic mail and/or electronic file sharing means).

(H) The parties agree to resolve discovery disputes, including disputes concerning protective orders, if necessary, in the following manner: 1) telephone conference ("meet and confer") between the parties to discuss the discovery issue(s); followed by (2) informal teleconference with the assigned United States Magistrate Judge; followed by (3) filing of a Motion requesting the Court take formal action.

(I) Should a protective order be requested by either party, the parties agree to limit the scope of "confidential information" to only include trade secrets, as defined under 18 U.S.C. §§ 1836 *et seq*. The parties further agree to comply with the Local Rules of the Western District of Virginia when third party employment files may be at issue in the case.

**III. Discovery of Electronically Stored Information ("ESI").**

The parties will comply with the rules governing electronic discovery set forth in the Federal Rules of Civil Procedure, applicable local rules, and decisional law. The parties hereby submit the following summary of the parties' conference and agreement regarding electronic discovery matters:

1. Preservation: The parties agree that Defendant Atsumi will provide Plaintiff Safewright and Plaintiff Johnson with a communication with Defendant Atsumi's Initial Disclosures, describing how electronically stored information ("ESI") has been preserved to date, including litigation hold processes that have been implemented and the

identification of ESI repositories where potentially responsive ESI may reside. The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information created during the Relevant Period, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI). To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

    2.    <u>Search Terms:</u>  The parties have agreed to the following protocol regarding the use of search terms to decrease the scope of production in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b). The parties have agreed to an iterative search process and to exchange multiple sets of search terms. At the end of the process, the search terms provided by the Searching Party will be applied to the ESI of the Producing Party. The Producing Party will then create an ESI data set with the results and that ESI will be produced subject to an agreed ESI Protocol. The first set of search terms will be provided by Plaintiff Safewright and Plaintiff Johnson with their Initial Disclosures. Thereafter, the parties will work in good faith to revise the list of search terms based upon the reasonable requests of the Searching Party and the provision of search term results from the Producing Party, to include for each set of search terms, the total number of documents (including attachments) identified within the full data set for each search term responsive ESI will be produced by or before the deadlines applicable under the Requests for Production of Documents and Rule 34. The parties agree to work in good faith to agree upon reasonable search terms and Key Custodians. Defendant Atsumi agrees to produce the ESI in searchable PDF format on a platform capable of

reviewing the aforementioned ESI.

3.  <u>Identification of Custodians:</u>  To facilitate the identification of the appropriate employees who may possess relevant documents, the parties agree to provide to each other with their Initial Disclosures the identification of employees and third parties that they reasonably believe could have access to, control over or responsibility for potentially discoverable information.  The parties will meet and confer in good faith and exchange additional information as may be necessary to facilitate the identification, and limit the number, of employees for whom the provisions of this section shall be applicable. The parties have also agreed to work in good faith to identify on whether particular individuals are "Key Custodians" or "Non-Key Custodians". ESI is required to be collected only from Key Custodians.  Non-Key Custodians are required to receive a litigation hold memorandum.

4.  <u>Privileged Produced Information:</u>  The parties hereby invoke the protections of Federal Rule of Evidence 502 and specifically 502(d) and (e).

5.  <u>Information Not Reasonably Accessible.</u>  With their initial document productions, the parties agree to identify potentially discoverable information that each party asserts is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B) to the extent that such determination can be made.  For all such potentially discoverable information, the parties will indicate whether the data is catalogued or otherwise organized, such that the parties can determine more precisely what type of potentially discoverable information may exist, and whether the potentially discoverable information can be selectively searched.

6.  <u>Unavailable Information</u>.  With their initial document productions, the

parties agree to identify, to the extent that they are aware, responsive or potentially responsive data that was at one time available but is no longer available in any form, indicating why the data is no longer available, when it became unavailable, and who is responsible for ordering its destruction and destroying it.

7. <u>No Waiver of Objections</u>.  By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

8. <u>No Subject Matter Waiver.</u>  The Parties hereby acknowledge that certain disclosures made pursuant to Rule 26 and Rule 16, or through other formal or informal pretrial disclosures, may result in the disclosure of documents or information that is otherwise subject to the protections of the attorney/client privilege and work product immunity.  To the extent that such disclosures are made, the parties agree that any arguable waiver of these protections is made in furtherance of the letter and spirit of cooperation embodied in Rule 26 and the applicable decisional law, and that such disclosure only waives the privilege or immunity, if at all, as to the specific information disclosed.  The parties agree that no subject matter waiver of attorney/client privilege or work product immunity is made or implied by such disclosures, including as to non-disclosed aspects of discovery practices, procedures and strategies employed by the parties.

AGREED:


/s/ L. Leigh R. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com

*Counsel for Plaintiff Safewright and Plaintiff Johnson*


/s/ Paul C. Kuhnel
Paul C. Kuhnel, Esq.
Brendan Horgan, Esq.
LeClair Ryan
1800 Wells Fargo Tower
Drawer 1200
Roanoke, Virginia 24006
paul.kuhnel@leclairryan.com
Brendan.horgan@leclairryan.com

*Counsel for Defendant Atsumi*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2019 the foregoing was sent to the following attorneys for Defendant Atsumi via the Court's electronic CM/ECF system.

Paul C. Kuhnel, Esq.
Brendan Horgan, Esq.
LeClair Ryan
1800 Wells Fargo Tower
Drawer 1200
Roanoke, Virginia 24006
paul.kuhnel@leclairryan.com
Brendan.horgan@leclairryan.com

*Counsel for Defendant Atsumi*

                                                      */s/ L. Leigh R. Strelka*